UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CONCRETE WASHOUT SYSTEMS, INC.,

        Plaintiff,

    v.

MINEGAR ENVIRONMENTAL SYSTEMS, INC., a California corporation, PETER J. MINEGAR, and DOES 1-10,

        Defendants.

NO. CIV. S-04-1005 WBS DAD

ORDER RE: COSTS

----oo0oo----

On July 13, 2005, the court granted summary judgment to defendants on plaintiff's service mark and trade name infringement claims under 15 U.S.C. § 1125(a), and declined to exercise jurisdiction over plaintiff's claim for declaratory relief under 28 U.S.C. § 2201 and plaintiff's state-law claims. Defendants have submitted a bill of costs totaling $11,238.23.[1]

---

[1] Defendants also initially included a request to recover attorneys' fees in their bill of costs. Plaintiff objected to defendants' raising attorneys' fees in the bill of costs. Thereafter, defendants filed a separate motion to recover their

1

Plaintiff objects to the amount submitted on three grounds: (1) defendants' bill of costs is defective because defendants failed to submit an adequate affidavit stating that each item claimed is correct and was necessarily incurred in the case as required by 28 U.S.C. § 1924; (2) costs for videotaped depositions should not be taxed; and (3) fees and disbursements for copying and printing costs are improperly charged.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441 (1987)(limiting taxable costs to those enumerated in 28 U.S.C. § 1920). There is a strong presumption in favor of awarding costs to the prevailing party. Miles v. State of California, 320 F.3d 986, 988 (9th Cir. 2003). The district court has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998).

---

attorneys' fees so as not to complicate the taxation of costs. Therefore, the court will consider defendants' request for attorneys' fees when it decides defendants' attorneys' fees motion.

Defendants have complied with 28 U.S.C. § 1924. The statute requires the party seeking costs to attach an affidavit to its costs bill before the taxation of costs. The affidavit must state that the costs claimed are "correct" and were "necessarily incurred in the case and that the services . . . charged were "actually and necessarily performed."[2]  Plaintiff correctly points out that the first declaration defendants submitted with its bill of costs did not meet this standard. However, defendants have submitted a supplemental affidavit from their counsel in this action stating that

> [e]ach of [sic] item of cost identified in Defendants' Bill of Costs and all invoices attached to [this] declaration in support of [the] Bill of Costs, is correct and was necessarily incurred in the case, and the services for which fees were charged were actually and necessarily performed.

(Cialone Affidavit ¶ 3). This affidavit clearly meets the requirements of 28 U.S.C. § 1924.

The fact that the affidavit was not submitted initially is not fatal. A good faith amendment to a bill of costs to make it comply with § 1924 suffices to redeem an otherwise defective bill of costs. See Trammell Real Estate Corp. v. Trammell, 748 F.2d 1516, 1518, & n.1 (11th Cir. 1984)(district court abused its discretion in disallowing costs to prevailing party where the

---

[2] Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1924.

3

1 party amended its bill of costs to comport with § 1924).
2 Therefore, defendants' bill of costs is not defective.
3 　　　　　Plaintiff contends that defendants should not be
4 allowed to recover costs for videotaped depositions because
5 "[c]ourts are split on whether the costs of videotaped
6 depositions are taxable." (Pl.'s Objections to Defs.' Bill of
7 Costs at 3). The cases plaintiff cites do indicate such a split.
8 See Tilton v. Capital Cities/ABC,Inc., 115 F.3d 1471, 1477 (10th
9 Cir. 1997)(awarding costs for videotaping depositions); Marbled
10 Murrelet v. Pac. Lumber Co., 163 F.R.D. 308, 329 (N.D. Cal.
11 1995)(same); Mota v. Univ. of Texas, Houston Health Sci. Ctr.,
12 261 F.3d 512, 520-530 (5th Cir. 2001)(holding that costs for
13 videotaping depositions are not recoverable under 28 U.S.C. §
14 1920); De Roburt v. Gannett Co., Inc., 558 F.Supp. 1223, 1228 (D.
15 Haw. 1983)(denying costs for videotaping depositions).
16 　　　　　The Ninth Circuit has not spoken to this issue, but the
17 majority of district court cases in this Circuit that have
18 addressed the issue have held that costs for videotaping
19 depositions are recoverable under 28 U.S.C. § 1920. See Pixion
20 Inc. v. Placeware, Inc., 2005 U.S. Dist. LEXIS 11351 *6 (N.D.
21 Cal. May 26, 2005)(allowing recovery of costs for videotaping
22 depositions); Arboireau v. Adidas Salomon AG, 2002 U.S. Dist.
23 LEXIS 20342 *16 (D. Or. June 14, 2002)(allowing such costs where
24 there is sufficient showing that videotaping was necessary);
25 Alvarez v. IBP, Inc., 2001 U.S. Dist. LEXIS 25341 *38 (E.D. Wash.
26 Dec. 14, 2001)(leaving undisturbed award for costs for
27 videotaping depositions); Nicolaus v. West Side Transp., Inc.,
28 185 F.R.D. 608, 612 (D. Nev. 1999)(". . . the costs of

4

videotaping and transcribing a deposition are taxable."); <u>Marbled Murrelet</u>, 163 F.R.D. at 329(accord); <u>but see</u> <u>Automotive Prods. V. Tilton Eng'g, Inc.</u>, 1994 U.S. Dist. LEXIS 20128 *11 (C.D. Cal. Mar. 1, 1994)(approving clerk's refusal to tax costs for videotaping depositions); <u>De Roburt</u>, 558 F.Supp. at 1228(denying costs for videotaping depositions).

The court is not persuaded that costs should always be allowed for videotaping all depositions. However, the majority trend of the district courts in this Circuit persuades this court that such costs should be allowed where there is some showing that the videotaping was reasonably necessary. Here, defendants note that this case involved issues of alleged fraud and misappropriation of trade secrets, issues where the veracity and credibility of witnesses would be at issue. Defendants thus had reason to videotape the depositions in case the deponents' visible reactions or tones of voice revealed something about their credibility. Because defendants' decision to videotape the depositions was reasonable, defendants may recover their videotaping costs.

Lastly, the court addresses plaintiff's argument that defendants have failed to establish that the copying and printing costs claimed by defendants were necessarily incurred in this case as required by 28 U.S.C. § 1920. <u>See</u> 28 U.S.C. § 1920(4) (allowing taxation of costs for "Fees for exemplification and copies of papers necessarily obtained for use in the case"). Frank A. Cialone, defendants' counsel in this matter, states in an affidavit submitted to this court why the copies and printouts were necessarily obtained for use in the case. Mr. Cialone

5

explains that plaintiff produced the bulk of its documents in electronic form on seven CDs that contained the equivalent of over 60,000 hard copy pages. (Cialone Affidavit ¶ 4). Defendants were unable to efficiently search the CDs to identity the relevant documents without first creating a centralized, searchable database of the information contained on the CDs. Therefore, defendants hired Document Technologies, Inc. ("DTI") to create such a database. This allowed defendants to selectively print only those materials they believed were relevant and necessary to defend the case. Defendants also paid DTI to create hard copies of the relevant database files. Defendants' counsel's firm performed all other photocopying. (Id.). This explanation is satisfactory. Therefore, defendants may recover their copying and printing costs.

After reviewing the bill, the court finds all other costs claimed to be reasonable. Accordingly, costs of **$11,238.23** will be allowed.

IT IS SO ORDERED.

DATED: August 26, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6