1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11   CONCRETE WASHOUT SYSTEMS INC.,
     a California corporation,
12                                        NO. CIV. S-04-1005 WBS DAD
             Plaintiff,
13                                        MEMORANDUM AND ORDER RE:
          v.                              MOTION FOR ATTORNEYS' FEES
14

15   MINEGAR ENVIRONMENTAL SYSTEMS
     INC., a California
16   corporation, PETER J. MINEGAR,
     and DOES 1-10,
17
             Defendants.
18
                            ----oo0oo----
19

20          Defendants Minegar Environmental Systems Inc. and Peter

21   J. Minegar move for an award of attorneys' fees against plaintiff

22   Concrete Washout Systems Inc. pursuant to section 35 of the

23   Lanham Act, 15 U.S.C. § 1117.

24   I.   Factual and Procedural Background

25          Plaintiff sued defendants under the Declaratory

26   Judgment Act, 28 U.S.C. § 2201, the Lanham Act, 15 U.S.C. §

27

28

                                   1

1125(a), and California law[1] alleging that defendants, after
approaching plaintiff as interested business partners,
misappropriated confidential product information and used this
information to develop their own concrete washout disposal bin.[2]
Plaintiff sought monetary, declarative, and injunctive relief
against defendants. (Pl.'s First Am. Compl. ¶ 73). Because the
Patent and Trademark Office was still in the process of reviewing
plaintiff's patent application for the device, the court declined
to exercise its discretionary review of plaintiff's claims under
the Declaratory Judgment Act and granted the defendants' motion
for summary judgment on those counts. (July 12, 2005 Order at 1-
2).

Additionally, the court granted summary judgment in
favor of the defendants on the Lanham Act claims because the
evidence submitted failed to demonstrate that the disputed term
"concrete washout" constituted a trademark or trade name, rather
than a generic term. (Id. at 12). Having disposed of
plaintiff's federal claims, the court declined to exercise
supplemental jurisdiction over the remaining state law claims
pursuant to 28 U.S.C. § 1367(c)(3). (Id. at 15-16).

Defendants now request attorneys' fees totaling

---

[1] Claims included declaratory relief under state law, trade
name infringement under California Business and Professions Code
§ 14415, misappropriation of trade secrets under California Civil
Code § 3426.1(d), common law misappropriation, fraud,
constructive fraud, breach of confidence, unjust enrichment,
unfair competition under California Business and Professions Code
§ 17200, and false advertising under California Business and
Professions Code § 17500.

[2] For a more detailed description of the product at issue
and Lanham Act violations claimed in this case, see the court's
order of July 12, 2005.

$80,000, which defendants allege represents the portion of fees

incurred specifically in defense of the Lanham Act claim.

(Defs.' Mot. for Attorneys' Fees at 5).

II.   <u>Discussion</u>

      A.   <u>Applicable Standard</u>

           Although an award of attorneys' fees under the Lanham

Act is within the district court's discretion, section 35(a)

limits this power to "exceptional cases." 15 U.S.C. § 1117(a)

("The court in exceptional cases <u>may</u> award reasonable attorney

fees to the prevailing party" (emphasis added)).  The act itself

fails to define "exceptional cases."  However, the Ninth Circuit

has interpreted the statute to "include cases that are '<u>either</u>

groundless, unreasonable, vexatious, <u>or</u> pursued in bad faith.'"

<u>Horphag Research Ltd. v. Pellegrini</u>, 337 F.3d 1036, 1040 (9th

Cir. 2003).  "The terms 'groundless' and 'unreasonable' suggest

that it is not enough that the plaintiff [simply] does not

prevail[,]" while "vexatious" and "bad faith" suggest that

plaintiffs' motives for suit are relevant.  <u>Nat'l Ass'n of Prof'l</u>

<u>Baseball Leagues, Inc. v. Very Minor Leagues, Inc.</u>, 223 F.3d

1143, 1147 (10th Cir. 2000).  "The prevailing party has the

burden to demonstrate the exceptional nature of a case by clear

and convincing evidence." <u>Seven-Up Co. v. Coca-Cola Co.</u>, 86 F.3d

1379, 1390 (5th Cir. 1996); <u>see also</u> <u>Affymetrix, Inc. v.</u>

<u>Multilyte Ltd.</u>, No. C 03-03779, 2005 WL 1869405, at *2 (N.D. Cal.

Aug. 5, 2005) (evaluating the identical "exceptional cases"

requirement for attorneys' fees in a patent infringement case and

requiring that "[t]he party seeking the award of fees . . .

establish that the case is exceptional by clear and convincing

1  evidence").

2      B.   <u>Groundless or Unreasonable</u>

3          Defendants make the bald assertion that "[t]rademark
4  claims are not usually amenable to summary judgment" and argue
5  that their successful defense of plaintiff's Lanham Act claim
6  makes this an exceptional case.  However, this argument is flawed
7  in two ways.  First, as previously noted, the statute does not
8  award fees to all parties who merely prevail.  The individual
9  case must be exceptional.  By imposing this restriction, rather
10 than simply awarding attorneys' fees to the prevailing party,
11 Congress sought to prevent "unfounded suits brought by trademark
12 owners for harassment and the like" and at the same time not
13 discourage potential litigants.  S. Rep. No. 93-1400 (1974),
14 <u>reprinted in</u> 1974 U.S.C.C.A.N. 7132, 7135.  Creating an entire
15 category of exceptional cases (those won on summary judgment)
16 would seem to contradict the intention of the legislature.

17         Second, despite defendants' assertion that success on a
18 summary judgment motion in a Lanham Act case is a rare event, the
19 handful of cases cited in support of their motion for attorneys'
20 fees includes reference to <u>Stephen W. Boney, Inc. v. Boney
21 Services, Inc.</u>, 127 F.3d 821, 828 (9th Cir. 1997), where the
22 defendants likewise succeeded on a summary judgment motion in a
23 case alleging trade name infringement.  Despite the defendants'
24 victory in <u>Boney</u>, the court noted that they "[n]evertheless . . .
25 failed to demonstrate that [the] case [was] exceptional in any
26 respect . . . ."  <u>Id.</u> at 827.  Similarly, this court does not
27 recognize success on a summary judgment motion in this trade name
28 case as an exceptional event.

1    Defendants also argue that plaintiff's reliance on its

2  own employee's assessment of consumer perception to establish the

3  term "concrete washout" as a distinctive mark belonging to the

4  plaintiff provides further evidence that the claim was

5  groundless.  (Defs.' Mot. for Attorneys' Fees at 4).  As

6  defendants point out, such testimony has "'little probative

7  value' because 'trademark law is skeptical of the ability of an

8  associate of a trademark holder to transcend personal biases to

9  give an impartial account of the value of the holder's mark.'"

10  (Id. (quoting Filipino Yellow Pages, Inc. v. Asian Journal

11  Publ'ns, Inc., 198 F.3d 1143, 1152 (9th Cir. 1999)).  Defendants

12  complain that "[p]laintiff offered no consumer surveys, no

13  evidence of its marketing efforts related to the term, . . . or

14  any other evidence traditionally used to show distinctiveness or

15  infringement."  (Id.).

16    However, plaintiff's failure to offer more probative or

17  convincing evidence in the form of surveys does not prove that

18  the case was unreasonable.  In awarding summary judgment, the

19  court only noted that the "evidence submitted" failed to

20  establish grounds for going forward with the case.  The fact that

21  plaintiff produced insufficient evidence of consumer perception

22  is inconclusive.  Cf. Goodell v. Ralphs Grocery Co., 207 F. Supp.

23  2d 1124, 1125-26 (E.D. Cal. 2002) (reasoning that a plaintiff's

24  action is not necessarily "frivolous, unreasonable, or without

25  foundation" when the court has "no way . . . to know whether no

26  such evidence existed or whether plaintiff's attorneys simply

27  neglected to gather such evidence").  The court recognizes that

28  plaintiff may have conducted a half-hearted investigation into

5

1   its Lanham Act claim, (see Defs.' Reply Mem. in Supp. Of Defs.'

2   Mot. for Attorneys' Fees at 6 (identifying the "handful" of

3   questions plaintiff asked "only one deponent" regarding the

4   Lanham Act claim as evidence that plaintiff never took this claim

5   seriously)).  But plaintiff's failure to gather convincing

6   evidence of confusion does not disprove the allegations of

7   plaintiff's employee Kevin Mickelson--that "a lot of people . . .

8   are shortening [plaintiff's trade name] up and referring to

9   [plaintiff] as Concrete Washout."  (Decl. of Erick C. Howard in

10  Supp. of Defs.' Mot. for Summ. J., Ex. B (excerpts from the

11  deposition transcript of Kevin Mickelson)).  While unsuccessful,

12  plaintiff's Lanham Act Claim was not unreasonable.

13          C.   <u>Vexatious/In Bad Faith</u>

14          Defendants also argue that plaintiff's case was brought

15  in bad faith, but they point to nothing in the record, other than

16  the lack of sufficient evidence, to support this assertion.  To

17  demonstrate that a case was vexatious or brought in bad faith,

18  defendants cannot simply rely on plaintiff's failure to produce

19  evidence capable of defeating a motion for summary judgment.

20  Defendants do not offer proof that plaintiff brought suit for the

21  sole purpose of, for example, harassing defendants or gaining a

22  competitive advantage in the concrete washout business.  <u>See</u> <u>Tire</u>

23  <u>Kingdom, Inc. v. Morgan Tire & Auto, Inc.</u>, 253 F.3d 1332, 1336

24  (11th Cir. 2001) ("Plaintiff's failure to present sufficient

25  evidence . . . <u>coupled</u> <u>with</u> <u>evidence</u> of bad faith and improper

26  motive, support the district court's conclusion that this case

27  was an exceptional case . . . ." (emphasis added); <u>see also</u>

28  <u>Boney</u>, 127 F.3d at 827 (holding that a failed trade name

6

1 | infringement claim is not necessarily illegitimate).

2 | In <u>Tire Kingdom</u>, the plaintiff withheld survey
3 | information that tended to disprove its Lanham Act claims and
4 | furthermore admitted to a scheme to use the lawsuit to raise
5 | prices.  253 F.3d at 1336.  Here, plaintiff may have advanced a
6 | losing argument, but no evidence suggests that its motives were
7 | unrelated to a desire to protect its trade name.  <u>See</u> <u>Gracie v.</u>
8 | <u>Gracie</u>, 217 F.3d 1060, 1071 (9th Cir. 2000) ("[C]onclusory
9 | statements regarding [the losing party's] supposed bad faith are
10 | insufficient . . . to call into question [the losing party's]
11 | motives in filing . . . .").  While defendants hypothesize that
12 | plaintiff submitted its Lanham Act claim for the purpose of
13 | securing a more convenient forum, (<u>see</u> Defs.' Reply Mem. in Supp.
14 | of Defs.' Mot. for Attorneys' Fees at 7), these arguments are
15 | largely speculative and at best founded on inferences drawn from
16 | how plaintiff has gone about developing its case.  Defendants
17 | have not provided clear and convincing evidence of plaintiff's
18 | allegedly improper motives.  <u>See</u> <u>Affymetrix</u>, 2005 WL 1869405 at
19 | *3-4 (refusing to find that plaintiff brought suit in bad faith
20 | despite court's questions regarding the merits of plaintiff's
21 | "flimsy" positions).

22 | III. <u>Conclusion</u>

23 | Defendants have not demonstrated that plaintiff's
24 | conduct was sufficiently egregious to make this an exceptional
25 | case.  Plaintiff's evidence may have failed to withstand a
26 | summary judgment motion, but that alone cannot justify an award
27 | of attorneys' fees under the Lanham Act's "exceptional case"
28 | requirement.  Defendants do not offer "clear and convincing"

1   evidence of improper motive on the part of plaintiff.

2   Consequently, they have failed to meet their evidentiary burden.

3           IT IS THEREFORE ORDERED that defendant's motion for

4   attorneys' fees be, and the same hereby is, DENIED.

5   DATED:  September 21, 2005

6

7   _____

8   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8